IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES E. HODGE,

          Plaintiff,

v.                         CIVIL ACTION NO. 2:24-cv-00468

ALPHA NATURAL RESOURCES SERVICES, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Alpha Natural Resources Services, LLC's ("Defendant") Motion for Summary Judgment. (ECF No. 23.) For the reasons discussed herein, the motion is **GRANTED**.

### I. BACKGROUND

This matter arises out of Defendant's alleged negligence in maintaining a haul road (the "Road") in Fayette County, West Virginia. (*See* ECF No. 1-1.) Plaintiff Charles E. Hodge ("Plaintiff") was driving a coal truck on the Road, which was allegedly operated and controlled by Defendant. (*Id.* at 5, ¶ 3.) According to the Complaint, the brakes on Plaintiff's truck failed, and he steered his truck onto a runaway truck ramp. (*Id.* ¶¶ 4, 5.)

Unfortunately, Plaintiff claims that "[t]he runaway truck ramp was not properly graded for entry, as it had a large pile of dirt in the middle of the lane." (*Id.* ¶ 6.) Apparently, this pile of dirt "threw Plaintiff's truck" back onto the Road, where "Plaintiff had no choice but to steer his truck into a ditch," where it stopped "in a violent manner." (*Id.* ¶¶ 7, 8.) In the process, "Plaintiff

1

was thrown about inside the truck and suffered a multitude of injuries including injuries to his right leg, nose, eye socket, head, brain [], abdomen, [and] right hip," among others. (*Id.* at 6, ¶ 9.)

Plaintiff initially filed suit in the Circuit Court of Fayette County, West Virginia, on August 1, 2024. (*See generally id.*) The Complaint seemingly only alleges a claim for negligence against Defendant, based on Defendant's supposed failure to maintain the Road and runaway truck ramp. (*See id.* at 6, ¶¶ 10–13.) Defendant removed this action to federal court on September 3, 2024. (*See* ECF No. 1.)

Defendant then filed the pending motion for summary judgment on July 7, 2025. (ECF No. 23.) The parties stipulated that Plaintiff had until August 14, 2025, to file a response. (*See* ECF Nos. 25, 26.) Yet, to date, Plaintiff never filed a response.

As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. This rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56. Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When evaluating such factual issues, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

2

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. DISCUSSION

To succeed on a negligence claim in West Virginia, a plaintiff must establish, by a preponderance of the evidence, that first, the defendant owed the plaintiff a duty; second, the defendant negligently breached that duty; and third, the defendant's breach proximately caused the plaintiff's injuries. *Wheeling Park Comm'n v. Dattoli*, 787 S.E.2d 546, 551 (W. Va. 2016) (quoting *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939)). Thus, in order to prove negligence, a plaintiff must show that the defendant owed them a duty. *See State ex rel. Maxxim Shared Servs., LLC v. McGraw*, 835 S.E.2d 590, 595 (W. Va. 2019) ("[I]n order to prove actionable negligence there must be shown a duty on the part of the person charged with

3

negligence and a breach of such duty." (internal citation omitted)). Under West Virginia law, "[d]uty is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff; and in negligence cases, the duty is always the same, to conform to the legal standard of reasonable conduct in light of the apparent risk." *Robertson v. LeMaster*, 301 S.E.2d 563, 567 (W. Va. 1983) (internal citation omitted).

In the pending motion, Defendant argues that it is entitled to judgment as a matter of law on Plaintiff's negligence claim because it did not owe a legal duty to Plaintiff. (*See* ECF No. 24.) Specifically, Defendant claims that, contrary to Plaintiff's allegations, it was not the landowner of the property where the Road was located and therefore cannot be liable its alleged negligent upkeep. (*Id.* at 6; ECF No. 23-1 at 19, ¶ 7 ("No named defendant is the owner of the land upon which Plaintiff's injury occurred. Upon information and belief, ACIN LLC owns the land upon which Plaintiff's injury occurred."); *see also id.* at 20–21, ¶ 13 (claiming that the mine operator— not Defendant—maintained the Road and escape ramp).) To be safe, Defendant also disclaims any other possible duties. First, Defendant was not the mine owner. (*See* ECF No. 24 at 5–6; ECF No. 23-1 at 20–21 ¶ 13 (identifying Republic Energy LLC as the mine operator); *see also* 30 U.S.C. § 801(e) (providing that "mine operators retain the primary responsibility for safety in their mines").) Second, Defendant was neither the owner or operator of Plaintiff's truck and "therefore had no legal duty to ensure that the truck was maintained in safe operating condition." (ECF No. 24 at 6.) Third, Defendant did not have any special relationship or voluntarily undertake any responsibility to Plaintiff. (*See id.*)

The evidence in this case supports Defendant's assertions, *see Barwick*, 736 F.2d at 958, and, by not filing a response, Plaintiff has failed to set forth any facts "showing that there is a

4

genuine issue for trial," *Liberty Lobby*, 477 U.S. at 256; *Catrett*, 477 U.S. at 323 (the failure to make a sufficient showing on one element "necessarily renders all other facts immaterial"). Thus, because Defendant did not owe any conceivable duty to Plaintiff, no reasonable jury could find in favor of Plaintiff. *See Liberty Lobby*, 477 U.S. at 252.

Accordingly, Defendant's Motion for Summary Judgment, (ECF No. 23), is **GRANTED**.

### IV.   CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment, (ECF No. 23), is **GRANTED**, and this case is **DISMISSED**. The Clerk is **DIRECTED** to remove this matter from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   September 16, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE